IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL ARRON WRAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 03-CV-067-JHP-PJC |
| | ) |
| RON WARD, | ) |
| | ) |
| Respondent. | ) |

### **OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner appears *pro se*. Respondent filed a response to the petition (Dkt. # 7). Respondent also provided copies of state court documents for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 14) to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

The record reflects that on January 13, 2000, Petitioner entered a plea of no contest to the charge of Robbery With a Firearm in Tulsa County District Court, Case No. CF-99-951. As a result, on March 3, 2000, the state district court found Petitioner guilty as charged and sentenced him to eight (8) years imprisonment, with six (6) years in the custody of the Oklahoma Department of Corrections ("DOC") and two (2) years suspended. During the plea and sentencing proceedings, Petitioner was represented by attorney Gregg Graves. Petitioner did not seek to withdraw his plea and did not perfect a *certiorari* appeal.

Petitioner's sentence is reflected by conflicting descriptions in the following documents:

<u>Docket sheet for CF-1999-951</u> (Dkt. # 7, Ex. E attachment) - Entry dated 3/03/2000 states,"Deft. plead nolo contendure [sic] to count 1; Court accepts and sentences deft. to eight (8) years in DOC - 6 years in DOC and 2 years suspended."

<u>Findings of Fact - Acceptance of Plea</u> (Dkt. # 7, Ex. A) - Dated January 13, 2000, the handwritten entry on the page entitled "Sentence on Plea" states "8 years. 6 years in DOC and 2 years suspended." The "6" and "2" appear to have been written over what was originally entered as "5" and "3". The typed sentence below this entry also indicated the first "5" years are to be in the custody of the Department of Corrections.

<u>Judgment and Sentence</u> - Dated March 3, 2000, and filed April 13, 2000, the Judgment and Sentence states that the defendant "is sentenced to a term of **Eight (8) Years** with all except the first **Two (2) Years** suspended under the custody and control of the **Department of Corrections**." See Dkt. # 7, Ex. E attachment (emphasis in original).

<u>Amended Judgment and Sentence</u> - Dated March 3, 2000, and filed February 20, 2001, this first amended Judgment and Sentence states that defendant "is sentenced to a term of **Eight (8) Years** in the custody of **Department of Corrections** with all except the last **Two (2) Years** suspended **and the defendant is not to be under any formal supervision**." <u>Id.</u> (emphasis in original).

<u>Second Amendment - Judgment and Sentence</u> - Dated March 3, 2000, and filed October 25, 2001, this second amended Judgment and Sentence states that defendant "is sentenced to a term of **Eight (8) Years** in the custody of **Department of Corrections** with the first **Six (6) Years** to be served in custody and the last **Two (2) Years** to be suspended **and the defendant is to be under the supervision of the Division of Probation and Parole of the State Department of Corrections**." <u>Id.</u> (emphasis in original).

According to the March 3, 2000, docket entry in Case No. CF-99-951, Petitioner was remanded to the custody of the DOC on that day. Dkt. # 7, Ex. E attachment. Docket entries on both May 23, 2001, and May 30, 2001, indicate he was present in court but remanded to custody. <u>Id.</u> An entry on October 8, 2001, states that Petitioner was in court on an application to revoke sentence, but had been "released from DOC early." He was remanded to custody. <u>Id.</u> The second amended judgment, accurately reflecting the sentence as entered at the time of Petitioner's plea, was filed of record on October 26, 2001. <u>Id.</u>

On January 30, 2002, Petitioner filed an application for post-conviction relief in the state district court, challenging his return to DOC custody. See Dkt. # 7, Ex. B. Petitioner identified three (3) grounds of error, as follows:

2

>   Ground 1: Fourteenth Amendment, United States Constitution, Due Process, Equal Protection.
>
>   Ground 2: Double Jeopardy, Oklahoma Constitution 2§ 22.
>
>   Ground 3: Habeas 12 Okla. Stat. § 1331.

(Dkt. # 7, Ex. B at 3). Petitioner also stated that his First Amendment rights were violated because he was "mentally sick" at the time his case was pending, and that his attorney knew of his mental condition, but he was "made to enter a plea" he did not want to enter. Id. Petitioner also argued that the state district court did not have jurisdiction to amend its previous order and judgment. See Dkt. # 7, Ex. D, Petitioner's Reply to State's Response to Application for Post-Conviction Relief, filed April 15, 2002. The state district court denied post-conviction relief, finding that Petitioner was not denied the effective assistance of counsel and that Petitioner was sentenced in accordance with his negotiated plea.[1] See Dkt. # 7, Ex. C.

Petitioner filed a post-conviction appeal. Dkt. # 7, Ex. D. Petitioner focused his argument on his claim that the state district court did not have jurisdiction to amend the judgment and sentence in his case. See Dkt. # 7, Ex. D "Brief in Support." Petitioner sought immediate release from DOC custody, claiming that he was released earlier because he had served the portion of his sentence which required two (2) years in DOC custody. Id. By Order filed December 6, 2002, in Case No. PC-2002-640, after obtaining a response from the Tulsa County District Attorney's Office, including the affidavit of Judge Jesse Harris, the OCCA made a finding of fact that the "amended" judgments and sentences were actually entered in an attempt to correct the erroneous judgment and sentence

---

[1] Although the state district court acknowledged each of the grounds raised by Petitioner in his application for post-conviction relief, the Order denying relief focused solely on the claim of ineffective assistance of counsel. Dkt. # 7, Ex. C.

entered April 13, 2000. The OCCA went on to affirm the denial of post-conviction relief, finding as follows:

> Petitioner alleges that he was denied effective assistance of counsel because counsel allowed his judgment and sentence to be amended; that he has been subjected to double jeopardy; and that he is being held illegally. We do not find support for any of these claims in the record presented to this Court. First, we find nothing in the record indicating that trial counsel was aware of the subsequent orders entered in Petitioner's case and cannot find that trial counsel was ineffective for actions which apparently took place without his knowledge or notice to him.
>
> However, even if counsel was aware of the subsequent orders, we still do not find that Petitioner is entitled to relief. A review of Petitioner's Findings of Fact - Acceptance of Plea form reveals that Petitioner was to be sentenced to a term of eight (8) years, six (6) in D.O.C. custody, two (2) suspended. Petitioner signed that form, acknowledging that he understood the sentence imposed by the court. . . . Petitioner was aware of the sentence that was to be imposed, and acknowledged the same with his signature.
>
> Petitioner is correct that the District Court has no authority to amend his judgment and sentence, except in specific instances, which are not applicable in this case. However, a review of all of the facts in this case indicate that the District Court's "amended" judgments and sentences were actually entered in an attempt to correct the erroneous judgment and sentence entered April 13, 2002 (sic). There was no "amendment" of Petitioner's judgment and sentence. Since there was no amendment of Petitioner's judgment and sentence, we cannot find that he received ineffective assistance of counsel, that he was subjected to double jeopardy or that he is being held illegally. Therefore, the order of the District Court denying Petitioner's request for Post Conviction Relief is **AFFIRMED**.

(Dkt. # 7, Ex. F at 5-6).

Petitioner filed the instant habeas corpus action on January 21, 2003 (Dkt. # 1). He raises four (4) grounds of error, as follows:

Ground 1:   Conviction obtained in violation of the protection against "double jeopardy."

Ground 2:   Denial of effective assistance of counsel.

Ground 3:   Denial of my right to appeal.

Ground 4:   Conviction obtained by a plea of nolo contendre, with [sic] was unlawfully

4

>induced by the conviction obtained by violation of the privilege against self-incrimination.

Dkt. # 1. In response to the petition, Respondent argues that grounds 1, 2, and 3 were properly decided by the OCCA and that ground 4 is barred by the statute of limitations and/or procedurally barred. See Dkt. # 7.

*ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his first three claims to the OCCA on post-conviction appeal. Respondent states that Petitioner has not exhausted his ground 4 claim. See Dkt. # 7 at 2. However, Respondent also asserts that consideration of ground 4 is barred by the statute of limitations.  As discussed in more detail below, the Court agrees with Respondent and finds that regardless of the exhaustion status of ground 4 which is time-barred, consideration of this petition is not precluded by the exhaustion requirement of 28 U.S.C. § 2254(b).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA on post-conviction appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based

5

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's claims of double jeopardy, illegal imprisonment, and ineffective assistance of counsel on post-conviction appeal. Therefore, to the extent Petitioner challenges his imprisonment on those issues, the claims shall be reviewed pursuant to § 2254(d).

### *1.    Double Jeopardy*

As his first claim, Petitioner asserts that he was "placed in jeopardy twice by the courts of Tulsa County because of the violation of my constitutional rights by Judge Jesse S. Harris by the many illegal foregoing things that he through his courts have illegally done to me by no fault of my own." Dkt. # 1 at 5. A review of the materials provided by Petitioner indicates that he is referring to the fact that he was returned to prison to complete his sentence after he had been released due to an error in the records. The OCCA rejected this claim, finding that Petitioner was serving his eight year sentence as originally intended by the court, and as agreed to by Petitioner in his plea negotiations - six years in DOC custody and two years probation. Dkt. # 7, Ex. F at 5-6.

Having reviewed the documents provided, the Court finds that Petitioner is not entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). In this case, Petitioner was sentenced to eight years imprisonment, with six years in DOC custody and two years suspended. See Findings of Fact - Acceptance of Plea (Dkt. # 7, Ex. A); Docket sheet for CF-1999-951- Entry dated 3/03/2000 (Dkt. # 7, Ex. E). The original judgment and sentence erroneously stated eight years

imprisonment with all except the first two years suspended. Dkt. # 7, Ex. E attachment. The first amended judgment and sentence did not correct the error relating to how the eight year sentence was to be split. Dkt. # 7, Ex. E attachment. The second amended judgment and sentence correctly stated that Petitioner's sentence was to be served with the first six years in the custody of DOC and the last two years suspended. Dkt. # 7, Ex. E attachment.

Petitioner's return to DOC custody after being released early due to a clerical error in the judgment and sentence, however, did not place him in jeopardy twice for the same crime. The Tenth Circuit has stated that the government has the power to recommit a prisoner who has been released by mistake. White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930) (stating that there could be "no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement"). The OCCA determined that errors had been made in the execution of Mr. Wray's sentence. Once corrected, Mr. Wray was returned to the custody of the DOC to complete his sentence as originally intended by all parties. The OCCA concluded that execution of Petitioner's sentence, as correctly described in the March 3, 2000, docket entry in Case No. CF-99-951 (Dkt. # 7, Ex. E), the Findings of Fact - Acceptance of Pleas signed by Petitioner (Dkt. # 7, Ex. A), and the Second Amendment - Judgment and Sentence (Dkt. # 7, Ex. A), did not result in a double jeopardy violation. The Court agrees.

Significantly, the "amended" judgment did not serve to change the sentence received by Petitioner upon entry of his plea of *nolo contendere*. Instead, it served only to correct a clerical error in the original judgment. Petitioner's return to DOC custody after being incorrectly released did not put Petitioner twice in jeopardy for the same offense. See Bozza v. United States, 330 U.S. 160, 166

7

(1947). "Sentencing is not a game where a wrong move by a judge means immunity for the prisoner." Jones v. Thomas, 491 U.S. 376, 377 (1989) (quoting Bozza, 330 U.S. at 166-67).The OCCA's finding that there was no double jeopardy violation was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to habeas relief. 28 U.S.C. § 2254(d).

### 2. *Ineffective assistance of counsel*

In his second ground for relief, Petitioner claims his attorney was ineffective because he "was in court 'everytime' the courts did the many illegal foregoing things to me when they did not have lawful grounds to and Gregg L. Graves did not in anyway try to show that the courts were violating my rights against 'double jeopardy' and effective assistance of counsel." Dkt. # 1 at 5. The OCCA could not find any support in the record for Petitioner's claim that attorney Gregg Graves was aware of the changes and "amendments" to the Judgment and Sentence filed in Petitioner's case. Dkt. # 7, Ex. F at 5-6. Petitioner has not provided any additional information to this Court which indicates that attorney Gregg Graves was aware of the amended orders, Petitioner's early release from DOC custody, or his subsequent return to DOC custody . Pursuant to 28 U.S.C. § 2254(e)(1), the facts as found by the state court are presumed correct unless rebutted by clear and convincing evidence. Petitioner has failed to provide any evidence that Gregg Graves was aware of the events in Petitioner's case which he complains violated his constitutional rights.

To prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). There is a "strong presumption that counsel's conduct falls within the range of reasonable

professional assistance." <u>Strickland</u>, 466 U.S. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690.  To establish the prejudice prong of the <u>Strickland</u> test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Id.</u> at 694. The OCCA determined that there was no deficient performance by Petitioner's attorney because there was no amended sentence - simply a corrected judgment and sentence. Notwithstanding the fact that it is unclear whether Mr. Graves even knew of the errors and subsequent changes in the sentencing documents, the attorney could not have accomplished what Petitioner now claims he was entitled to - release after two years in custody - because the Petitioner's split sentence included six years in DOC custody. As noted above, the errors in the documents describing the sentence were eventually cleared up with the filing of a correct Judgment and Sentence. Petitioner has not shown how his attorney's performance in this matter was deficient. Having found no deficient performance, this Court concludes that the OCCA did not unreasonably apply federal law as determined by the Supreme Court, nor did it reach a "decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254 (d)(1)(2).

### 3. *Denial of right of appeal*

Petitioner claims in his third ground that he was denied his "right of immediate release by appeal to the court of criminal appeals because they said that I could have gone in by direct appeal." Dkt. # 1 at 6. Petitioner explains that he could not seek immediate release at the time of his direct appeal because "none of the illegal foregoing" had happened until after the time for filing a motion to withdraw plea and a *certiorari* appeal had passed.  In its Order denying application for post-

9

conviction relief, the state district court noted that, "Petitioner did not seek to withdraw his pleas and no direct appeal was taken from his plea." Dkt. # 7, Ex. C. The OCCA also noted in its Order affirming the district court's denial of post-conviction relief that, "Petitioner did not attempt to withdraw his plea, nor did he file a direct appeal of his conviction." Dkt. # , Ex. F. However, the OCCA addressed the merits of Petitioner's claims, and did not rely on a procedural bar to dispose of the issues raised by Petitioner. There is nothing in the record to support Petitioner's claim that he was denied appellate review of his claims. Lacking merit, Petitioner's third ground is denied.

**C.  Statute of Limitations (ground 4)**

In his fourth ground for relief, Petitioner claims that his plea of *nolo contendere* was not knowingly and voluntarily entered. Specifically, he asserts that his "conviction [was] obtained by a plea of nolo contendre, with [sic] was unlawfully induced by the conviction obtained by violation of the privilage [sic] against self-incrimination." Dkt. # 1 at 6. He supports this claim by asserting that he was undergoing mental health treatment, was heavily medicated with liquid Thorizene and "many other medications," was almost killed by inmates at the Tulsa County jail because his grandfather was a policeman, did not know what was going on in court, and only entered his plea because he was afraid for his life.[2] Id. Petitioner raised this claim in his application for post-conviction relief, but apparently abandoned the claim on post-conviction appeal.[3] In response to the petition, Respondent asserts that the ground four claim is unexhausted and barred by the statute of

---

[2] He also asserts in his reply that his attorney, Gregg Graves, threatened to kill him if he did not enter into the plea agreement. Dkt. # 14 at 7.

[3] Petitioner supported his post-conviction ineffective assistance of counsel claim by asserting that he was mentally sick and undergoing treatment at the time of the state court proceedings. Dkt. # 7, Ex. B at 3. The state district court recognized this allegation but did not specifically address its implications in the Order denying post-conviction relief. Dkt. # 7, Ex. C.

limitations.

Unlike his first three claims, Petitioner's fourth claim could have been raised in a motion to withdraw plea and a *certiorari* appeal, and accrued for statute of limitations purposes when his conviction became final. The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2254(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final. 28 U.S.C. § 2254(d)(1)(A). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that Petitioner seeks habeas relief on his fourth proposition of error after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* plea in Case No. CF-1999-951, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentence, or on March 13, 2000.[4] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging the validity of his plea, including ground 4 as raised in the instant petition, began to run on March 13, 2000, and, absent a tolling event, a federal petition for writ of habeas corpus filed after March 13, 2001, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

---

[4] The Court notes that entry of the "amended" judgments did not affect the finality of the original judgment and did not restart the limitations period for Petitioner's § 2254 petition. See United States v. Greer, 79 Fed.Appx. 974, 975 (9th Cir. 2003).

11

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was filed on January 30, 2002, or well after the March 13, 2001, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, Petitioner's ground four, as raised in the petition filed January 21, 2003, appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner does not allege that he is entitled to equitable tolling, and in fact acknowledges in his reply that the Respondent "may be right about the petitioner being outside the statute of limitations." Dkt. # 14 at 10. Petitioner does not argue that his inability to seek habeas relief on ground 4 within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

The Court concludes that Petitioner is not entitled to equitable or statutory tolling of the limitations period as to ground 4. Therefore, consideration of that claim is time-barred.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

DATED THIS 22nd of June, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma